IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES B. SMITH, | ) | |
| Plaintiff, | ) ) ) | |
| -vs- | ) ) | Civil Action No. 13-209 |
| CAROLYN W. COLVIN, COMMISSIONER OF SOCIAL SECURITY, | ) ) ) | |
| Defendant. | ) | |

AMBROSE, Senior District Judge

## OPINION

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 16 and 19). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 17 and 20). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 16) and granting Defendant's Motion for Summary Judgment. (ECF No. 19).

**I.  BACKGROUND**

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for supplemental security income ("SSI") pursuant to the Social Security Act ("Act"). Plaintiff filed his application in October of 2010, alleging he had been disabled since January 2, 2009. (ECF No. 14-6, p. 7). Administrative Law Judge ("ALJ"), Lawrence J. Neary, held a hearing on December 15, 2011. (ECF No. 14-2, pp. 32-59). On February 10, 2012, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 14-2, pp. 14-26).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 16 and 19). The

issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment,

2

whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. Plaintiff's Mental Residual Functional Capacity (RFC)[1]

Plaintiff argues that the ALJ's RFC finding[2] is not supported by substantial evidence. (ECF No. 17, pp. 6-21). To support this assertion, Plaintiff argues that the ALJ failed to give appropriate weight to the opinions of Plaintiff's treating psychiatrist, Dr. Richard Cassone, M.D. *Id.* After a review of the evidence, I disagree.

The amount of weight accorded to medical opinions is well-established. Generally, the

---

[1] RFC refers to the most a claimant can still do despite his/her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his/her own limitations. 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). Additionally, a person's RFC is an administrative finding reserved for the ALJ, not a medical opinion to be rendered by a doctor. 20 C.F.R. §§ 404.1527*,* 416.927; 20 C.F.R. §§404.1546(c), 416.946(c).

[2] Plaintiff's RFC arguments are limited to his mental impairments. (ECF No. 10). As a result, my analysis will be limited accordingly.

3

ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* § 416.927(c)(2). If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

In the event of conflicting medical evidence, the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

In this case, Plaintiff first argues that the ALJ erred in giving Dr. Cassone's opinion little weight because he was the treating doctor for almost two years and because there were

confirming opinions by consulting examiners, Drs. Clark and Mills. (ECF No. 17, pp. 6-18). Thus, Plaintiff concludes that the ALJ erred in weighing the medical opinion evidence. *Id.* After a review of the evidence, however, I disagree.

To begin with, the standard of review is not whether there is evidence to establish that Plaintiff is disabled but, rather, is whether there is substantial evidence to support the ALJ's finding. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Thus, simply because Dr. Cassone was Plaintiff's treating doctor and there may be opinions supporting Dr. Cassone's opinions does not mean that Plaintiff's treating physician was entitled to great weight. As I stated previously, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Morales v. Apfel*, 225 F.3d at 317.

Here, the ALJ thoroughly went through the opinions of Drs. Cassone, Clark, and Mills and gave appropriate reasons for discounting their opinions. (ECF No. 14-2, pp. 20-24). For example, with regard to Dr. Cassone's opinion, the ALJ noted internal inconsistencies between Plaintiff's Global Assessment of Functioning ("GAF") scores[3] and his actual treatment notes and between his opinion that Plaintiff could not work and the lack of reasoning or evidence to support said opinion. (ECF No. 14-2, pp. 22-23). He also noted inconsistencies with other evidence of record. *Id.* Based on the same, I find there is substantial evidence of record to support the ALJ's weighing of the opinion of Dr. Cassone. Consequently, I find no error in this regard.

Similarly, with regard to Dr. Mills, the ALJ noted internal inconsistencies between Plaintiff's GAF scores and his assessment of moderate limitations. (ECF No. 14-2, p. 22).

---

[3] A GAF score is used to report an individual's overall level of functioning with respect to psychological, social, and occupational functioning. The GAF scale ranges from the lowest score of 1 to 100, the highest score possible. The GAF score considers "psychological, social, and occupational functioning on a hypothetical continuum of mental health-illness." Diagnostic and Statistical Manual of Mental Disorders, ("DSM–IV TR") 34 (4th ed. 2000).

Nonetheless, the ALJ gave Dr. Mills' opinion partial weight to the extent it was consistent with other medical evidence. *Id.* Based on a review of the record, I find there is substantial weight to support the ALJ's opinion. Consequently, I find no error in this regard.

With regard to Dr. Clark, the ALJ gave his opinions little weight because they were internally inconsistent and inconsistent with other medical evidence.[4] (ECF No. 14-2, pp. 21-24). Based on a review of the record, I find there is substantial weight to support the ALJ's opinion. Consequently, I find no error in this regard.

Next, Plaintiff argues that the ALJ erred in failing to give any reason for rejecting the aforementioned doctors' opinions regarding Plaintiff's ability to contcentrate, persist at tasks, and maintain pace. (ECF No. 17, pp. 18-21). A review of the record reveals, however, that the ALJ in this case thoroughly discussed the concentration, persistence and/or pace opinions and properly weighed them. *See,* ECF No. 14-2, p. 21-24 (where ALJ goes through and discusses concentration, persistence and/or pace opinions of various doctors). Consequently, I find no merit to this argument.

### C. Non-examining State Agency opinions

Plaintiff argues that the ALJ improperly gave greater weight to the opinions of the non-examining state agency doctors than Plaintiff's treating doctor. (ECF No. 17, pp. 21-25). State agency opinions merit significant consideration. *See* SSR 96–6p ("Because State agency medical and psychological consultants ... are experts in the Social Security disability programs, ... 20 C.F.R. §§ 404.1527(f) and 416.927(f) require [ALJs] ... to consider their findings of fact about the nature and severity of an individual's impairment(s)...."). Moreover, an ALJ is entitled to rely upon the findings of an agency evaluator even if there is a lapse of time between the report and

---

[4] Plaintiff also seems to suggest that the ALJ erred in failing to assign weight to the 2007 assessment by Dr. Clark. (ECF No. 17, p. 15). A review of the ALJ's opinion reveals, however, that he assigned Dr. Clark's 2007 opinion "little weight." (ECF No. 14-2, p. 21). Thus, Plaintiff's argument in this regard is misplaced.

the hearing. *Chandler v. Comm'r of Soc. Sec.,* 667 F.3d 356, 361 (3d Cir. 2012). After a review of the record, I find there is substantial evidence of record to support the weight given to the non-examining state agency opinions by the ALJ. *See,* ECF No. 14-2, pp. 21-24. Therefore, I find the ALJ properly discharged his duties in evaluating and weighing all medical opinions. Consequently, I find no error in this regard and remand is not warranted on this basis.

Plaintiff's final argument is that the ALJ erred when he gave great weight to the non-examining state agency opinions that Plaintiff has "moderate" limitations of concentration, persistence and/or pace but failed to discuss said limitations in his opinion or include them in the RFC. (ECF No. 17, pp. 25-30). I disagree. As I stated previously, a review of the record reveals that the ALJ in this case thoroughly discussed the concentration, persistence and/or pace opinions and properly weighed them. *See,* ECF No. 14-2, p. 21-24 (where ALJ goes through and discusses concentration, persistence and/or pace opinions of various doctors). Consequently, I find no merit to the argument that the ALJ failed to discuss said limiations.

With regard to the ALJ's failure to include said limitation in the RFC, Plaintiff submits that restricting Plaintiff to "simple, routine, repetitive tasks; only occasional interaction with the public, supervisors, and co-workers, and only occasional changes in the work setting" do not encompass Plaintiff's moderate limitation of concentration, persistence and/or pace. (ECF No. 17, pp. 25-31). In the same vein, then, Plaintiff argues that the hypothetical presented by the ALJ to the vocational expert failed to reflect all of Plaintiff's limitations in concentration, persistence, and pace. (ECF No. 17, p. 29). I disagree.

The ALJ in this case found Plaintiff's RFC to be limited to light work with multiple exceptions, including "limited to only simple, routine, repetitive tasks; can only have occasional interaction with the public, supervisors and co-workers; and can only have occasional changes in the work setting." (ECF No. 14-2, p. 20). Such restrictions have repeatedly been found sufficient to accommodate limitations in concentration, persistence, and pace. *See, e.g.,*

*McDonald v. Astrue,* 293 F. App'x 941, 947-48 (3d Cir. 2008); *Menkes v. Astrue,* 262 F. App'x 410, 412 (3d Cir. 2008) ("The term 'simple routine tasks,' in the context of the disability proceedings, generally refers to the non-exertional or mental aspects of work. For example, performing a 'simple routine task' typically involves low stress level work that does not require maintaining sustained concentration.... Having previously acknowledged that Menkes suffered moderate limitations in concentration, persistence and pace, the ALJ also accounted for these mental limitations in the hypothetical question by restricting the type of work to 'simple routine tasks.' "); *Watson v. Colvin,* No. 12-552, 2013 WL 5295708, *5 (W.D.Pa. Sept. 18, 2013); *Polardino v. Colvin,* No. 12–806, 2013 WL 4498981, *3 (W.D.Pa. Aug. 19, 2013) ("The Third Circuit Court of Appeals has determined that a limitation to simple, routine tasks sufficiently accounts for a claimant's moderate limitations in concentration, persistence and pace."); *Hart v. Colvin,* No. 13–5, 2013 WL 4786061, *9 (W.D.Pa. Sept.6, 2013) ("Hart's concentration-related difficulties were accommodated by the limitations permitting the performance of only simple, routine, repetitive tasks.").

Based on the above, I find ALJ's hypothetical (ECF No. 14-2, pp. 55-57) was not in error and no additional RFC restriction was necessary to accommodate Plaintiff's concentration, persistence and/or pace impairments. Therefore, remand on this basis is not warranted.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JAMES B. SMITH,  )
  )
        Plaintiff,  )
  )
  -vs-  )     Civil Action No.  13-209
  )
CAROLYN W. COLVIN,  )
COMMISSIONER OF SOCIAL SECURITY,  )
  )
        Defendant.  )

AMBROSE, Senior District Judge

## **ORDER OF COURT**

THEREFORE, this 15th day of July, 2014, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 16) is denied and Defendant's Motion for Summary Judgment (Docket No. 19) is granted.

                BY THE COURT:

                s/   Donetta W. Ambrose
                Donetta W. Ambrose
                United States Senior District Judge